HOWARD B. GROBSTEIN
hbgtrustee@gtllp.com
9363 Magnolia Avenue
Riverside, California 92503
Telephone:  951-234-0951
Facsimile:   951-684-2363

Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>**ALMA SERNA ARREOLA,**<br><br>Debtor. | Case No. **6:22-bk-13661-SY**<br><br>Chapter 7<br><br>**NOTICE OF MOTION AND MOTION FOR AN ORDER AUTHORIZING THE CHAPTER 7 TRUSTEE TO LEAVE ESTATE ASSETS UNADMINISTERED; DECLARATION OF HOWARD B. GROBSTEIN IN SUPPORT THEREOF**<br><br>[NO HEARING REQUIRED] |

**TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TURSTEE; THE DEBTOR AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Howard B. Grobstein, Chapter 7 Trustee ("Trustee") for the bankruptcy estate (the "Estate") of Alma Serna Arreola ("Debtor"), hereby submits his motion (the "Motion"), pursuant to 11 U.S.C. §105 and §554(c), for an order authorizing the Trustee to leave the Estate's interest in a wrongful termination claim against MCO, Inc. ("MCO Claim"), and a personal injury claim against Nike, Inc. ("Nike Claim") (collectively the "Lawsuits") unadministered.

////

1    **PLEASE TAKE FURTHER NOTICE** that the relief requested in the Motion is based on

2    the Motion, this Notice, the attached Memorandum of Points and Authorities and Declaration of

3    Howard B. Grobstein, and any additional evidence and arguments that may be presented at or prior

4    to any hearing on the Motion.

5    **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-

6    1(o), the Trustee is requesting that the Bankruptcy Court grant the relief requested in the Motion

7    upon notice and an opportunity to request a hearing. Local Bankruptcy Rule 9013-1(o)(1) requires

8    that any response to the Motion and request for hearing must be filed with the U.S. Bankruptcy

9    Court located at 3420 Twelfth Street, Riverside, California 92501, and served on the Trustee

10   Howard B. Grobstein, at the address provided in the upper left-hand corner of this document, and

11   the Office of the United States Trustee located at 3801 University Avenue, Suite 720, Riverside,

12   California 92501, within 14 days after the date of service of this Notice, plus 3 additional days if

13   the notice was served by mail, electronically, or pursuant to F.R.Civ.P. Rule 5(b)(2)(D), (E), or

14   (F). Your opposition must comply with LBR 9013-1(f) and (o). The Trustee will set a hearing

15   date and send out notice thereto if any such response is timely received. No hearing will be held if

16   no response and request for hearing is received.

17   **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-

18   (1)(h), failure to file and serve a timely response may be deemed consent to the granting of this

19   Motion.

20   DATED: January 27, 2023

21

22   By: _____

23   HOWARD B. GROBSTEIN
     Chapter 7 Trustee

24

25

26

27

28

# I. **BACKGROUND FACTS**

1.      On September 29, 2022 (the "Petition" Date), Alma Serna Arreola ("Debtor") filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code, which was assigned Case No. 6:22-bk-13661-SY.  Shortly thereafter, Howard B. Grobstein ("Trustee"), being duly qualified, was appointed as Chapter 7 Trustee of the Debtor's bankruptcy estate.

2.      The Debtor included as an asset on her Schedule B, the MCO Claim with an unknown value.  On January 3, 2023, the Debtor amended her Schedule C to claim an exemption in the MCO Claim in the amount of $13,800.00 under 11 U.S.C. § 522(d)(5).

3.      The Debtor included as an asset on her Schedule B, the Nike Claim with an unknown value.  On January 3, 2023, the Debtor amended her Schedule C to claim an exemption in the Nike Claim in the amount of $27,900.00 under 11 U.S.C. § 522(d)(11)(D).

4.      Based upon his investigation into the value, likelihood of recovery, and taking into consideration the exemptions claimed by the Debtor, the Trustee has determined that the cost of litigating the Lawsuits may result in the estate becoming administratively insolvent, however, he would like to ensure that in the event the Debtor is able to recover an amount exceeding the Debtor's claimed exemptions from the Lawsuit, the Debtor's bankruptcy estate would retain an interest in the recovery.

5.      There are no other assets of the bankruptcy estate, and the Trustee is prepared to file his no asset report following entry of an order approving the within motion.


# II. **ARGUMENT**

Section 554(c) of the Bankruptcy Code states: "Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title."

Section 554(d) of the Bankruptcy Code states: "Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."

1  The Trustee respectfully moves this Court for entry of an order providing that the

2  Lawsuits shall remain unadministered property of the Estate, even after this case is closed.

3  The Trustee does not wish to keep this chapter 7 case open indefinitely allowing

4  administrative fees to further accrue and with no certainty of recovery for the Estate from the

5  Lawsuits. However, the Trustee also does not wish to abandon the Lawsuits, in the event recovery

6  is possible at a later time. Therefore, the Trustee believes that it is in best interests of the Estate to

7  leave the Lawsuits unadministered, and, if recovery becomes likely, the Trustee will move to

8  reopen the case to administer the asset at that time. Upon entry of an order approving this Motion,

9  the Trustee will proceed with the filing of his no asset report in this case.

10

11  ### III. <u>CONCLUSION</u>

12  Based upon the foregoing, the Trustee respectfully requests that the Court enter an order:

13  1.  Approving the Motion;

14  2.  Authorizing the Trustee to leave the Lawsuits unadministered, to be administered in

15  the future, if and when the asset becomes collectable;

16  3.  Granting such other and further relief as the Court deems just and proper.

17  Dated: January 2, 2023

18

19  By: _____

20  HOWARD B. GROBSTEIN
   Chapter 7 Trustee

21

22

23

24

25

26

27

28

## DECLARATION OF HOWARD B. GROBSTEIN

I, Howard B. Grobstein, declare as follows:

1.      I am the duly appointed and acting Chapter 7 trustee for the bankruptcy estate of Arthur Robert Townsend, Jr. and Janis Irene Townsend ("Debtors").  As such, I have personal knowledge of the matters set forth herein and if called as a witness I could and would testify competently thereto.

2.      On September 29, 2022 (the "Petition" Date), Alma Serna Arreola ("Debtor") filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code, which was assigned Case No. 6:22-bk-13661-SY.  Shortly thereafter, being duly qualified, I was appointed as Chapter 7 Trustee of the Debtor's bankruptcy estate.

3.      The Debtor included as an asset on her Schedule B, the MCO Claim with an unknown value.  On January 3, 2023, the Debtor amended her Schedule C to claim an exemption in the MCO Claim in the amount of $13,800.00 under 11 U.S.C. § 522(d)(5).

4.      The Debtor included as an asset on her Schedule B, the Nike Claim with an unknown value.  On January 3, 2023, the Debtor amended her Schedule C to claim an exemption in the Nike Claim in the amount of $27,900.00 under 11 U.S.C. § 522(d)(11)(D).

5.      Based upon my investigation into the value, likelihood of recovery, and taking into consideration the exemptions claimed by the Debtor, I have determined that the cost of litigating the Lawsuits may result in the estate becoming administratively insolvent, however, I would like to ensure that in the event the Debtor is able to recover an amount exceeding the Debtor's claimed exemptions from the Lawsuit, the Debtor's bankruptcy estate would retain an interest in the recovery.

6.      There are no other assets of the bankruptcy estate, and I am prepared to file my no asset report following entry of an order approving the within motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on January 27, 2023, at Malibu, California.

HOWARD B. GROBSTEIN
Chapter 7 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **P.O. Box 253, Woonsocket, RI 02895**

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR AN ORDER AUTHORIZING THE CHAPTER 7 TRUSTEE TO LEAVE ESTATE ASSETS UNADMINISTERED; DECLARATION OF HOWARD B. GROBSTEIN IN SUPPORT THEREOF and PROOF OF SERVICE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On __January 30, 2023__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Arvind Nath Rawal on behalf of Creditor Exeter Finance LLC c/o AIS Portfolio Services, LLC arawal@aisinfo.com
- Benjamin Heston on behalf of Debtor Alma Serna Arreola bhestonecf@gmail.com
     benheston@recap.email,NexusBankruptcy@jubileebk.net
- Howard B Grobstein (TR) hbgtrustee@gtllp.com C135@ecfcbis.com
- United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL:**
On __January 30, 2023__, I served the following person(s) and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Alma Serna Arreola
149 Sir Damas Drive
Riverside, CA 92507-6915

Honorable Scott H. Yun
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 345
Riverside, CA 92501-3819

Counsel re: MCO, Inc.
Jihad M. Smaili
SMAILI & ASSOCIATES
2114 North Broadway, Suite 200
Santa Ana, CA  92706

Counsel re: Nike, Inc.
Law at Your Side
555 W. 5th Street, 35th Floor
Los Angeles, CA  90013

☒   Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ _____ I served the following person(s) and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 30, 2023 | Denise Weiss | *Denise Weiss* |
|---|---|---|
| Date | Printed Name | Signature |

Label Matrix for local noticing
0973-6
Case 6:22-bk-13661-SY
Central District of California
Riverside
Mon Jan 30 08:27:43 PST 2023

Exeter Finance LLC c/o AIS Portfolio Servic
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Riverside Division
3420 Twelfth Street,
Riverside, CA 92501-3819
*No US Mail Service Copy*

24 Hour Fitness
Member Services
PO Box 2689
Carlsbad, CA 92018-2689

Acima Credit
9815 South Monroe Street
4th Floor
Sandy, UT 84070-4384

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Capital Bank N.A.
One Church Street
Suite 100
Rockville, MD 20850-4190

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Challenge Financial Services
1004 West Taft Avenue, Suite 100
Orange, CA 92865-4143

Exeter Finance, LLC
Attn: Bankruptcy
P.O. Box 166008
Irving, TX 75016-6008

Jenna Village Apartments
488 Aster Street #200
Springfield, OR 97478

(p)OPORTUN  INC
PO BOX 560880
THE COLONY TX 75056-0880

Progressive Leasing
807 South Flower Street
Los Angeles, CA 90017-4607

(p)SMILEDIRECTCLUB
ATTN LEGAL
414 UNION ST 8TH FLOOR
NASHVILLE TN 37219-1757

Smile Direct Club
4910 Hammer Avenue
Eastvale, CA 91752-1046

Spectrum
PO Box 60074
City of Industry, CA 91716-0074

Summer Meadows Apartment
3429 Rustin Avenue
Riverside, CA 92507-3894

United States Trustee (RS)
3801 University Avenue, Suite 720
Riverside, CA 92501-3255
*No US Mail Service Copy*

Verizon Wireless
Attn: Bankruptcy Administration
500 Technology Drive, Suite 500
Saint Charles, MO 63304-2225

Alma Serna Arreola
149 Sir Damas Drive
Riverside, CA 92507-6915

Benjamin Heston
100 Bayview Circle, Suite 100
Newport Beach, CA 92660-2963
*No US Mail Service Copy*

Howard B Grobstein (TR)
Grobstein Teeple, LLP
9363 Magnolia Avenue
Riverside, CA 92503-3747
*No US Mail Service Copy*

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bank of America
PO Box 982235
El Paso, TX 79998

Oportun
Attn: Bankruptcy
Po Box 4085
Menlo Park, CA 94026

Smile Direct Club
414 Union Street Suite 800
Nashville, TN 37219

End of Label Matrix
Mailable recipients    21
Bypassed recipients     0
Total                  21